Milligan, J.,
delivered the opinion of the Court.
This is an application to the County Court of Carroll County, under the insolvent laws, by the administrator of David Bearn, deceased, to sell the lands of which his intestate died seized and possessed, for the purpose of paying the debts of the estate. Prior to the application, which is by petition, the plaintiff shows that he had suggested the insolvency of the estate, and that the assets did not exceed the sum of one thousand dollars.
The proceedings in the County Court, when viewed in the light of our insolvent laws,'appear to be, in many respects, irregular; and, in consequence of.the supposed irregularities, the guardian ad litem of the minor defendants filed a demurrer to the plaintiff’s supplemental and amended petitions, which was allowed by the Court, and the petition dismissed; and the plaintiff appealed to this Court.
Without noticing, for the present, the grounds of the demurrer, there is a’ preliminary question, which must first be determined; and that is, whether or not an appeal, in this case, lies directly to this Court.
The Code provides, sec. 3147, that, “Any person dissatisfied with the judgment, sentence or decree of the *253 County Court, may pray an appeal to the Circuit Court of the county, unless it is otherwise expressly provided, by this Code.”
The section immediately following the one above recited, provides, that, “In all cases in which the jurisdiction of the County Court is concurrent with the Circuit or Chancery Courts, or in which both parties consent, the appeal lies direct to the Supreme Court.”
From these provisions of the Code, it is apparent that there are only two cases in which appeals lie directly from the County to the Supreme Court. 1st, Where the jurisdiction of the County Court is concurrent with the Circuit or Chancery Courts; and, 2d, Where the jurisdiction is not concurrent with the Circuit or Chancery Courts, when both parties consent to an appeal directly to the Supreme Court. In the first case, it would seem that the appellant has his election, either to appeal to the Circuit or Supreme Court; and in the second, he is bound to appeal to the Circuit Court, unless the adverse party consents.
Section 3172 provides, that, “An appeal in the nature of a writ of error, lies, at the instance of either party, from judgments or decrees of the Court of Chancery, or of the County or Circuit Court, in equity cases, in all cases tried according to the forms of Chancery, upon the same terms, and subject to the same regulations, as an appeal from similar judgments and decrees.” And, “In all other cases,” Code, sec. 3173, “determined in the County Court, when either party is dissatisfied with the final decision, an appeal in the nature of a writ of error may be taken by him to the Circuit *254 Court, or, both parties consenting, to the Supreme Court.”
The statute requires no comment; its language is plain and unambiguous. And the only inquiry in this case, is, whether it falls within either of the categories in which an appeal lies directly to this Court.
It is not pretended that the consent of the opposite party to the appeal to this Court, was obtained. Then, is the case one in which the jurisdiction of the County Court is concurrent with the Circuit or Chancery Courts? If not, the appeal lay to the Circuit, and not to the Supreme Court.
We have stated, the proceeding was an application under the insolvent laws, to sell the lands of the decedent to pay debts; and that the value of the estate was shown in the petition to be less than $1,000.
The Code, after providing for the equal division of insolvent estates among all the creditors of every grade, declares, section 2327: “To carry this principle into execution, exclusive jurisdiction is conferred on the County Court of the administration of all insolvent estates, not exceeding the value of one thousand dollars; and concurrent jurisdiction with the Chancery Court of all other estates.”
•The jurisdiction here given to the County Court over insolvent estates, not exceeding in value one thousand dollars, is exclusive, and concurrent -with the Chancery Court over all other estates. Whether this is a wise provision of law, is not for us to determine. Such is its language, and we are bound to enforce it.
*255 It follows, therefore, as a corollary, that tbe jurisdiction of tbe County Court in tbe case now under review, was exclusive; and no appeal from tbe action of tbe County Court lay directly to tbis Court, but to tbe Circuit Court.
Dismiss tbe appeal.